38  188
67  514

## Dow *v.* Dow.

Upon a divorce, alimony was assigned to the wife, and the custody of two
children. Subsequently, the parties were again married, and a petition
was filed in behalf of the children, praying that a portion of the prop-
erty assigned as alimony should be placed in the hands of a trustee for
their support. It was *held*, that though a larger amount might be as-
signed to the wife on account of her children, yet if it was not originally
decreed to her as a fund for their support, the court would not interfere
with it after the parties were remarried.

GEORGE H. Dow, in his petition, sets forth that he is a
son of Asa and Caroline E. Dow, and seventeen years of
age. Said Asa and Caroline were divorced, on her appli-
cation, at July term, 1857, and the custody of the peti-
tioner and a younger sister was granted to said Caroline.
About seven hundred dollars in personal property were
assigned to her as alimony. The decree was made upon
the understanding that one hundred dollars of the alimony
should be for the husband's benefit, and she has paid it to
him. Though the property was in form and in terms
decreed to her as alimony, to her own use, it was asked for
by her, and decreed to her by the court, in part for the
support of the petitioner and his sister. All the property
but the notes was placed by said Caroline in care of L.
Butler, as her agent, to keep and expend the same for the
use of herself and her children, under her direction. Said
Asa and Caroline have since again intermarried, and T. H.
Buck has been appointed by the probate court guardian
of the petitioner. One hundred dollars of the property
remains in said Butler's hands, but the notes have been
delivered by said Caroline to said Asa, and the said Asa
has demanded of said Butler the same property, and the
payment of his note of fifty dollars—one of the notes
assigned as alimony.

The petitioner prays a decree that the property in But-
ler's hands and said note may be set apart and assigned

for the support of the petitioner and his sister, and a trustee appointed to hold it for them, and that said Asa and Caroline may be enjoined from claiming this property.

An order of notice was issued and served, and the defendants defaulted.

*H. Hibbard,* for the petitioner.

BELL, J. The effect of an assignment of notes and other personal property to a wife, as alimony upon a decree of divorce, was considered in the case of *Whittier* v. *Whittier,* 21 N. H. (11 Fost.) 452, and it was there held that a decree, assigning chattels personal of the husband to the wife, deprives the husband of all his right in them, and vests the entire property in them in the wife, as the same had been previously held by the husband; and in the case of choses in action, such decree divests all the husband's rights of action, and vests the same in the wife, with all the remedies to which the husband was entitled. Such a decree is not executory as to the title. It is at once by force of law fully executed. The property passes by the decree, though it may sometimes be necessary that process should issue to enforce the rights transferred.

The effect of the decree assigning to the wife, Caroline E. Dow, part of the notes and property of the husband, was to transfer to her the property absolutely. She had the right consequently to dispose of them at her pleasure, and for her own purposes.

If the decree had assigned to her a part of the property for the support of her children, that part would have vested in her, not in her own right, but as a trustee for them; and in the event of her death, or marriage, or of her otherwise becoming in any way an unsuitable person to hold the property, the court might properly appoint a new trustee, and direct the property to be transferred to him. But it is not suggested that any part of this property was

assigned to the wife expressly as trustee for her children; on the contrary, it is stated that "the property was in form and in terms decreed to said Caroline E., as alimony to her own use."

It is not alleged that there was here any mistake in the decree, which the court might interfere, to correct, as they would not hesitate to do in a proper case.

It is said that this property was asked for by the wife, and decreed to her by the court, in part for the support and maintenance of the minor children of the parties. In a qualified sense, this statement may be correct. The wife may have asked more alimony; on 'account of the condition of her family depending upon her, and the court may have made her a more liberal allowance upon that account; but it cannot be true that the court have awarded to the wife any property upon any implied trust for her children.

The court have the power, in case of a divorce, "to order property to be conveyed, or money to be paid to a trustee or trustees, by the court appointed, upon trust to invest the same, and to apply the income thereof to the support of the wife, or the maintenance and education of minor children;" and this power is habitually exercised in proper cases. But the acts of the court are shown by their records. If a fund is placed in the hands of a trustee, either for the wife or the children, it is distinctly made part of the decree, and is never left to tacit understandings.

The court, notwithstanding the default of both the defendants, and the implied admission of the truth of the allegations of the petition resulting from it, will not assume a state of facts for which the record affords no pretence.

It is said that the decree was made upon an understanding and condition that one hundred dollars, part of the alimony, should be repaid to the husband. There might have been some such agreement of the parties or the counsel, but it is absurd to suppose that the court decreed ali-

mony to the wife upon any such understanding; and hardly less absurd to suppose that money was decreed to the wife in terms as alimony, but in fact for the support of her children, and no mention of it be made in the decree.

If the parties have entered into private bargains relative to the property assigned by the decree, not designed or calculated to operate as a fraud on the court, they may have their remedy by recourse to the proper proceedings in law or in equity, but no foundation is laid for the summary interference sought by this petition, and it must consequently be

*Dismissed.*